IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| STEPHEN J. HOFFMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    CASE NO. 1:09-cv-251 |
| | ) |
| CAREFIRST OF FORT WAYNE, INC. | ) |
| d/b/a ADVANCED HEALTHCARE, | ) |
| | ) |
|     Defendant. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION FOR CERTIFICATION OF
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. §1292(b)**

**I. INTRODUCTION**

Defendant, CareFirst of Fort Wayne, Inc., d/b/a Advanced Healthcare ("Advanced Healthcare") has filed a motion to certify the denial of its Motion for Summary Judgment for interlocutory appeal to the Seventh Circuit Court of Appeals, pursuant to 28 U.S.C. §1292(b). The issue raised by the Court's August 31, 2010 Order on summary judgment is whether the plaintiff, Stephen Hoffman ("Hoffman"), an employee with cancer in remission, is considered a "disabled" individual under the 2009 amendments to the Americans With Disabilities Act ("ADA"). This is a controlling question of law, as to which there is a substantial ground for difference of opinion, and on which an immediate appeal from the denial of summary judgment may materially advance the ultimate termination of this litigation. As all of the requirements for certification under §1292(b) are satisfied here, Advanced Healthcare respectfully

requests that the Court certify its Order of August 31, 2010 for interlocutory review.

## II. ARGUMENT

### A. Statutory Criteria For Certification Of Interlocutory Appeal Under 28 U.S.C. §1292(b)

28 U.S.C. §1292(b) authorizes a district court to exercise its discretion to certify an order for interlocutory review provided that the following elements are satisfied:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

The Seventh Circuit sets forth four statutory criteria which must be satisfied in order to grant a petition for certification under §1292(b):

> There must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a reasonable time after the order sought to be appealed. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000).

The Seventh Circuit focuses primarily upon the first criteria, that a question of law is at issue. A question of law must refer to an "abstract issue of law" or one that is "suitable for determination by an appellate court without a trial record." *Id.* at 677.

All of the four requisite elements for certification under §1292(b) are satisfied here. Thus, certification is proper.

### B. The Question At Issue Is One Of Statutory Interpretation And Is A Pure, Abstract Question Of Law

According to the Seventh Circuit, a true question of law has "reference to a

question of the meaning that a statutory or constitutional provision, regulation, or common law doctrine rather than to whether the party opposing summary judgment has raised a genuine issue of material fact." *Id.* at 676. "The idea was that if a case turned on a pure question of law, something the Court of Appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait until the end of the case." *Id.*

Here, the legal question presented is as follows: Whether an employee with cancer in remission is considered "disabled" under the 2009 amendments to the ADA.

Resolution of this pure legal question does not require the Seventh Circuit to hunt through and study the record to determine whether genuine issues of material fact exist. Rather, resolution of this issue will require the Seventh Circuit to interpret the 2009 Amendments to the ADA, which is precisely the type of issue appropriate for interlocutory appeal. The first component of the interlocutory certification analysis is therefore satisfied here.

### C. The Question At Issue Is "Controlling"

A question of law is "controlling" if its "resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996); *Estate of Escobedo v. City of Fort Wayne,* 2008 WL 4411485, *2 (N.D.Ind. 2008). A legal issue is "controlling" for purpose of determining the propriety of interlocutory appeal "if it could materially affect the outcome of the case." 2 FEDERAL PROCEDURE, Lawyers Edition §3:201 (2008).

Here, there can be no question that the issue decided by this Court is controlling it could materially affect the outcome of this case. Were the Seventh Circuit to determine that Hoffman is not considered disabled under the 2009 Amendments to the ADA, it would result in the entry of summary judgment in favor of Advanced Healthcare, putting an end to this case. Thus, the second component interlocutory certification is satisfied.

### D.  The Question At Issue Is "Contestable"

The third consideration for interlocutory review is whether there is a substantial ground for a difference of opinion concerning the issue at question. A "court faced with a motion for certification must analyze the strength of the arguments in opposition to the challenged ruling to decide whether the issues truly one on which there is a substantial ground for dispute." *APCC Services, Inc. v. Sprint Communications Co., L.P.*, 297 F.Supp.2d 90, 98 (D.D.C. 2003). Moreover, a question is contestable where a difficult question of first impression is presented. 2 FEDERAL PROCEDURE, Lawyers Edition §3:212 (2008).

Here, by this Court's own admission, this case appears to be one of the first cases in the country to require a District Court to determine whether an employee with cancer in remission is considered "disabled" under the 2009 amendments. There is certainly substantial ground for difference of opinion on this important issue given the fact that there are no appellate decisions to turn to for resolution. Other courts, including the Seventh Circuit, may reach a legal interpretation of the 2009 Amendments to the ADA which is vastly different from that reached by this Court. As the issue presented is a

question of first impression, certification for interlocutory appeal would be a proper exercise of this Court's discretion.  *Parker v. Clarke,* 910 F.Supp. 460, 462 (E.D.Mo. 1995) (certification for interlocutory appeal is proper where the issue faced substantive fourth amendment issue was a question of first impression within the Eighth Circuit).

### E.  Immediate Appellate Review Would Materially Advance The Ultimate Determination Of The Litigation

The fourth consideration as to whether to certify an order for interlocutory review is whether an immediate appeal from the Order would materially advance the ultimate determination of the litigation.  *Ahrenholz,* 219 F.3d at 675.  *Ahrenholz* makes clear that this element requires that resolution of the contestable and controlling question of law "must promise to speed up the litigation."  *Id.* at 675.  "This is not a difficult requirement to understand.  It means that resolution of a controlling legal question would serve to avoid a trial or otherwise substantially shorten the litigation."  *McFarlin v. Conseco Servs., LLC,* 381 F.3d 1251, 1259 (11th Cir. 2004).  As another Court has commented, this fourth requirement is met where "reversal would substantially alter the course of the district court proceedings or relieve the parties of significant burdens…. Immediate resolution of this issue has the potential to materially advance the litigation because it will potentially save judicial resources and litigant expense."  *West Tennessee Chapter of Associated Builders and Contractors, Inc. v. City of Memphis,* 138 F.Supp.2d 1015, 1026 (W.D.Tenn. 2000).  *See also, Johnson v. Washington Metro. Area Transit Auth.,* 790 F.Supp. 1174, 1180 (D.D.C. 1991) (certification warranted where "concomitant expense to the parties, both financial and emotional, can be avoided.").

5

As applied here, this factor is satisfied because reversal of the Court's denial of summary judgment will terminate the litigation and avoid unnecessary litigation expenses to both parties.  If this case proceeds to trial and the jury enters a verdict in favor of Hoffman, Advanced Healthcare will most likely appeal the jury verdict.  If the Seventh Circuit decides that this Court's interpretation of the 2009 ADA amendments was incorrect, and reverses the jury verdict, substantial judicial resources, as well as the parties' resources, would have been expended, all of which may be saved by permitting the requested interlocutory appeal.

### III.  CONCLUSION

For all of the foregoing reasons, defendant, by counsel, respectfully requests that the Court certify for interlocutory review its Order denying defendant's Motion for Summary Judgment, and for all other just and proper relief in the premises.

Respectfully submitted,

CARSON BOXBERGER LLP


By  s/Robert T. Keen, Jr.
       Robert T. Keen, Jr./#5475-02


By  s/Diana C. Bauer
       Diana C. Bauer/#11906-64
Attorneys for Defendant

1400 One Summit Square
Fort Wayne, IN 46802
Telephone: (260) 423-9411
keen@carsonboxberger.com
bauer@carsonboxberger.com
F:\A\Advanced Healthcare 23,223\Hoffman, Stephen ADA Claim - 2\MemoMotionForCertificationOfInterlocutoryAppeal.doc

## CERTIFICATE OF SERVICE

    I hereby certify that on this 22nd day of September, 2010, a true and complete copy of the above and foregoing was electronically filed and/or mailed to:

Mary Jane Lapointe
Daniel Lapointe Kent
LAPOINTE LAW FIRM, P.C.
One North Pennsylvania Street
Suite 730
Indianapolis, IN 46204

                                                s/Diana C. Bauer