# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

STEPHEN J. HOFFMAN,       )
                              )
Plaintiff,           )
                              )
vs.                    )   NO. 1:09-CV-251
                              )
CAREFIRST OF FORT WAYNE, INC.,)
d/b/a ADVANCED HEALTHCARE,   )
                              )
Defendant.           )

## OPINION AND ORDER

This matter is before the Court on the Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), filed by Defendant, Carefirst of Fort Wayne, Inc., d/b/a Advanced Healthcare ("Advanced Healthcare"), on September 22, 2010 (DE #22). For the reasons set forth below, the motion is **DENIED**.

BACKGROUND

Advanced Healthcare moves the Court to certify its order dated August 31, 2010, denying Advanced Healthcare's motion for summary judgment. In support, it cites the language from this Court's own order:

> The Court has tried in vain to find analogous case law in which the central issue is whether an individual with cancer in remission is considered "disabled" under the ADAAA. Because the ADAAA amendments have been ruled as not retroactive, *see, e.g., Winsley v. Cook County*,

> 563 F.3d 598, 600 n. 1 (7th Cir. 2009), at this point in time, there is a lack of case law on this issue. The Amendments went into effect on January 1, 2009. Pub. L. No. 110-325, 112 Stat. 3553. Since the alleged discriminatory action happened in this case during late January 2009, the parties agree that the Amendments apply. This is one of the first cases of its kind to make it to the summary judgment phase, where the new ADAAA standard is applicable.
>
> The ADAAA states that "it is the intent of Congress that the primary object of attention in cases brought under the ADA should be whether entities covered under the ADA have complied with their obligations. . . ." *Id.* at 3554. Therefore, the "question of whether an individual's impairment is a disability under the ADA should not demand extensive analysis." *Id.* This Court is bound by the clear language of the ADAAA. Because it clearly provides that "an impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active," and neither side disputes that Stage III Renal Cancer, when active, constitutes a disability, this Court must find that Hoffman was "disabled" under the ADAAA. In other words, under the ADAAA, because Hoffman had cancer in remission (and that cancer would have substantially limited a major life activity when it was active), Hoffman does not need to show that he was substantially limited in a major life activity at the actual time of the alleged adverse employment action.

(DE #20, at 17-18.) Advanced Healthcare argues that because there is a lack of case law on the legal issue at hand in this case, there is substantial ground for a difference of opinion regarding the question of law: Is an employee with cancer in remission considered "disabled" under the 2009 amendments to the ADA? As such, it asks this Court to certify an interlocutory appeal.

In response, Plaintiff, Stephen Hoffman, requests that the case proceed quickly due to his medical status. Hoffman has renal cancer, and he initially requested that the case be expedited.

(Opp. Mem., DE #26, at 1.)  Although Judge Cosbey appointed a mediator at the preliminary pretrial conference on October 30, 2009, and urged the parties to schedule a mediation soon, no mediation was scheduled.  *Id.*  Hoffman's health continues to be an issue.  He was diagnosed with Stage 3 kidney disease in June 2010.  *Id.* at 2.  On August 16, 2010, Hoffman had a tumor removed from his neck, which turned out to be benign.  *Id.*  Additionally, Hoffman's COBRA insurance recently expired, and he is currently uninsured.  *Id.*  Thus, Hoffman urges that the case proceed to trial without delay.  Moreover, he argues that because the new amendments to the ADA are clear, this Court's decision should stand.

In its reply, Advanced Healthcare criticizes Hoffman's undocumented response for failing to respond to the merits of the certification request.  Additionally, it claims this is the first time it learned of Hoffman's recent health problems, and that Hoffman therefore violated Rule 26(e)(1) of the Federal Rules of Civil Procedure which imposes upon him a continuing duty to disclose supplemental information on a periodic basis.


DISCUSSION

Pursuant to 28 U.S.C. section 1292(b):

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an

3

> immediate appeal from the order may materially
> advance the ultimate termination of the
> litigation, he shall so state in writing in
> such order.

28 U.S.C. § 1292(b). An interlocutory appeal is available only when: "(1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation; and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst.*, 291 F.3d 1000, 1007 (7th Cir. 2002). The test is conjunctive, and all criteria must be satisfied for the court to certify an order for immediate appeal under § 1292(b). *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000). "A denial of summary judgment is a paradigmatic example of an interlocutory order that normally is not appealable." *Wade v. Fries*, No. 1:06-CV-404 JVB, 2009 WL 3246620, at *2 (N.D. Ind. Oct. 6, 2009) (citing *Arenholz*, 219 F.3d at 676). Thus, the party seeking an interlocutory appeal must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment. " *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978). In other words, the preferred practice is to defer appellate review until the entry of final judgment. Ultimately, the decision of whether or not to grant an interlocutory appeal lies within the sound discretion of this Court. *Smith v. Ford Motor Co.*, 909 F.Supp. 590, 600 (N.D. Ind. 1995).

In this case, the first two criteria are easily satisfied – this is a question of law that is controlling in this case. However, Advanced Healthcare has failed to prove the third criteria, that the question of law is "contestable." To be "contestable," or to show that substantial ground for a difference of opinion exists on the question of law, the movant must show that there are "substantial conflicting decisions regarding the claimed controlling issue of law." *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 212 F.Supp.2d 903, 910 (S.D. Ind. 2002); *see also White v. Nix*, 43 F.3d 374, 378 (8th Cir. 1994) (requiring "a sufficient number of conflicting and contradictory opinions" to justify § 1292(b) certification); *Federal Deposit Ins. Corp. v. First Nat'l Bank of Waukesha, Wisconsin*, 604 F.Supp. 616, 620 (D.C. Wis. 1985) ("§ 1292(b) was not intended merely to provide an avenue for review of difficult rulings in hard cases, and the mere fact that there is a lack of authority on a disputed issue does not necessarily establish some substantial ground for a difference of opinion under the statute."). Advanced Healthcare has not directed this Court to any other court which has expressed a difference of opinion on this matter; indeed, this Court is not aware of a Circuit Court of Appeals or a District Court which has directly addressed this question, much less reached an opposite answer from this Court. Thus, the Court does not believe there is a substantial likelihood its ruling would be reversed on appeal.

Advanced Healthcare has failed to prove that there is a substantial conflict on this matter.

Finally, Advanced Healthcare has not shown how an interlocutory appeal would materially advance the litigation. Certainly, if the Seventh Circuit were to agree with this Court (and this Court believes that it would given the clear statutory language at issue), the appeal would just delay Hoffman's day in court. Given his current medical status, it is important that Hoffman proceed to trial promptly and without the delay caused by an interlocutory appeal.

As such, the request for leave to file an interlocutory appeal is **DENIED**. *See Ahrenholz*, 219 F.3d at 676 at (emphasis in original) ("Unless *all* the [] criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)").

CONCLUSION

For the reasons set forth above, Defendant's Motion for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), is hereby **DENIED**.

DATED: October 6, 2010          /s/ RUDY LOZANO, Judge
                                United States District Court

6